J-S72019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                    PENNSYLVANIA
:
v. :
:
:
:
CHARLES THOMAS WENGERT, JR. :
:
Appellant : No. 1088 MDA 2018

Appeal from the Judgment of Sentence Entered June 4, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001992-2017

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 21, 2019**

Appellant, Charles Thomas Wengert, Jr., appeals from the judgment of sentence imposed on June 4, 2018, in the Berks County Court of Common Pleas following the revocation of his probation.  Appellant's counsel has filed a petition to withdraw representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation on direct appeal. Appellant filed a *pro se* purported response to counsel's petition to withdraw on November 14, 2018.[1]  Following our review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[1] Appellant's *pro se* "response" curiously seeks "an investor" from the "Berks County Medical Marijuana Industry" to "open a bank account for" his son.

On March 28, 2017, Appellant was charged with one count each of possession of a controlled substance, 35 P.S. § 780-113(a)(16), and possession of drug paraphernalia, 35 P.S. § 780-113(a)(32), at Berks County Docket Number CP-06-CR-0001992-2017. On May 2, 2017, trial of these charges was consolidated with Appellant's other pending charges at Berks County Docket Number CP-06-CR-0001991-2017.[2] On September 20, 2017, Appellant pled guilty at both docket numbers. At docket number CP-06-CR-0001992-2017, Appellant pled guilty to one count of possession of a controlled substance, methamphetamine, and the trial court sentenced Appellant to three years of probation to be served consecutive to the sentence imposed at docket number CP-06-CR-0001991-2017.[3]

_____

Letter to Commonwealth of Pennsylvania and Superior Court of Pennsylvania, 11/14/18. In addition, by separate letter addressed to the trial court, Appellant maintains that "by law [he] is entilted [sic] to be assigned new counsel to [his] case. . . ." Letter to trial court, 11/14/18. Appellant is incorrect. Appellant is not entitled to **different** court-appointed counsel; rather, "Appellant is entitled only to retain new counsel or to proceed *pro se* should he choose to do so." **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005). Appellant's response offers nothing substantive regarding his case.

[2] Because the instant appeal involves only docket number CP-06-CR-0001992-2017, the record does not reveal the charges filed at docket number CP-06-CR-0001991-2017. In his brief, Appellant describes the charges for this docket as two counts each of terroristic threats, 18 Pa.C.S. § 2706(a)(1), simple assault, 18 Pa.C.S. § 2701(a)(3), harassment, 18 Pa.C.S. § 2709(a)(2), harassment, 18 Pa.C.S. § 2709(a)(3), and four counts harassment, 18 Pa.C.S. § 2709(a)(2). **Anders** Brief at 8 n.3.

[3] Appellant was sentenced to time served of 169 days to twenty-three months at docket number CP-06-CR-0001991-2017. N.T., 6/4/18, at 6–7.

At Appellant's June 4, 2018 *Gagnon II*[4] hearing,[5] the Commonwealth noted that Appellant had been detained for failing to: report, notify change of residence, and comply with chemical testing.[6]  N.T., 6/4/18/ at 2; *see* Post Sentence Motion, 6/14/18, at ¶ 3.  Appellant admitted the probation violations, the sentencing court revoked Appellant's probation, and it imposed a sentence

_____

[4]  *Gagnon v. Scarpelli*, 411 U.S. 778 (1978).

[5]   At the hearing, Appellant questioned why the violations affected his probationary sentence at docket number CP-06-CR-0001992-2017, in that he was not yet serving the probationary sentence.  N.T., 6/4/18, at 2–3, 6.  Rather, at that time, he was on parole for the sentence imposed at docket number CP-06-CR-0001991-2017.  While this is not raised as an issue on appeal, in light of counsel's motion to withdraw, it is prudent that we comment.  In *Commonwealth v. Ware*, 737 A.2d 251 (Pa. Super. 1999), this Court explained that the trial court had the authority to revoke the appellant's probation despite the fact that at the time of revocation, the appellant had not yet begun to serve the probationary term "and even though the offense upon which the revocation of probation was based occurred during the parole period and not the probationary period."  *Id.* at 253.  Citing *Commonwealth v. Wendowski*, 420 A.2d 628 (Pa. Super. 1980), we explained that a term of probation "may and should be construed for revocation purposes as including the term beginning at the time probation is granted.  Otherwise, having been granted probation[,] a defendant could commit criminal acts with impunity— as far as revocation of probation is concerned—until he commenced actual service of the probationary period."  *Ware*, 737 A.2d at 254 (quoting *Wendowski*, 420 A.2d at 630).  The *Ware* court emphasized, "[T]he expressed intent of the [c]ourt to have [a defendant] under probation beginning at a future time does not 'change his position from the possession of a privilege to the enjoyment of a right.'"  *Ware*, 737 A.2d at 254 (quoting *Burns v. United States*, 287 U.S. 216, 222 (1932)).  Once the court revoked the appellant's probation, "it had the same sentencing options available that existed at the time of the original sentencing."  *Ware*, 737 A.2d at 254.

[6]  The April 17, 2018 detainer filed by Berks County Adult Probation and Parole Officer Michael Futrick is not in the record certified to us on appeal.

of incarceration of eleven and one-half to twenty-three months, this time concurrent with the sentence imposed at docket number CP-06-CR-0001991-2017.[7] Appellant timely filed a post-sentence motion, which the sentencing court denied on June 14, 2018. This timely appeal followed. Both Appellant and the sentencing court complied with Pa.R.A.P. 1925.

Before we address any question raised on appeal, we first must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In addition, our Supreme Court, in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;

---

[7] At docket number CP-06-CR-0001991-2017, the sentencing court revoked Appellant's parole and "recommitted him to serve the maximum sentence or until such time as he can put forward an acceptable parole plan." N.T., 6/4/18, at 10. Thus, Appellant was eligible to be paroled. *Id.* at 4, 10.

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel has complied with the requirements for withdrawal outlined in *Anders* and *Santiago*. Specifically, counsel requested to withdraw based upon her determination that the appeal is "wholly frivolous," and she stated her reasons for that conclusion with appropriate support. Petition to Withdraw as Counsel, 9/24/18, at ¶¶ 4–5. Additionally, counsel sent a letter to Appellant, and she attached a copy of the letter to her motion. Counsel states that she informed Appellant that she has filed a motion to withdraw and an *Anders* brief, and she apprised Appellant of his rights in light of the motion to withdraw as counsel. Thus, Appellant's appellate counsel has satisfied the requirements of *Anders* and *Santiago*. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel for Appellant has indicated that after review of the certified record, there are no meritorious issues. *Anders* Brief at 15. However, counsel does set forth one possible issue on Appellant's behalf: "Whether the trial court abused its discretion when it imposed a sentence of eleven and one-half (11 1/2) to twenty-three (23) months for Appellant's first technical probation

violations at his Gagnon II hearing[?]" ***Anders*** Brief at 7. Appellant maintains that the sentence imposed "did not meet the governing principles in the Sentencing Guidelines," and it was "manifestly unreasonable even though it was within the standard range." ***Id.*** at 15.

This issue presents a challenge to the discretionary aspects of Appellant's sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and his challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa. 1987); ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013). An appellant must articulate the reasons the sentencing court's actions violated the Sentencing Code. ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010); ***Sierra***, 752 A.2d at 912–913.

In the instant case, Appellant filed a timely appeal, and the issue was properly preserved in his post-sentence motion. Moreover, the ***Anders*** brief

contains a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence pursuant to Pa.R.A.P. 2119(f). Thus, we consider whether the concise statement raises a substantial question.

Herein, Appellant asserts that his sentence of confinement, which is in excess of the original sentence, raises a substantial question. **Anders** Brief at 12 (citing **Commonwealth v. Sierra**, 752 A.2d 910 (Pa. Super. 2000)). Appellant maintains that the trial court failed to consider the requirements of 42 Pa.C.S. § 9771(c). **Anders** Brief at 14. Additionally, he contends that he has raised a substantial question by his allegation that the sentence was so excessive that it violates the general principles underlying the Sentencing Guidelines.[8] **Id.** at 13. In particular, Appellant suggests the sentencing court failed to properly weigh the general principles that the sentence imposed is consistent with the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs. **Id**. at 14 (citing 42 Pa.C.S. § 9721(b)). "[T]o the extent [Appellant] challenges the sentencing court's failure to consider Section 9721(b) factors," Appellant raises a substantial question. **Commonwealth v. Derry**, 150 A.3d 987, 995 (Pa. Super. 2016).

---

[8] We note that in revocation proceedings, the sentencing guidelines do not apply. **Commonwealth v. Pasture**, 107 A.3d 21, 27 (2014); 204 Pa. Code. § 303.1(b).

Additionally, a claim that "a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." *Id.*

Our Supreme Court detailed the sentencing court's duty upon revocation of probation and resentencing, as follows:

> At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. *See Commonwealth v. Reaves*, 592 Pa. 134, 150, 923 A.2d 1119, 1129 (2007) (citing 204 Pa.Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).
>
> Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Moreover, 42 Pa.C.S. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *See also* Pa.R.Crim.P. 708(C)(2) (indicating at the time of sentence following the revocation of probation, "the judge shall state on the record the reasons for the sentence imposed.").

However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a [presentence investigation ("PSI")] during the initial sentencing proceedings. *See* [*Commonwealth*] *Walls*, 592 Pa. [557] at 574 n.7, 926 A.2d [957] at 967 n.7 [(2007)] ("Where PSI exists, we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

* * *

We emphasize a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. *See* [*Commonwealth v.*] *Reaves*, 592 Pa. [134] at 138 n.5, 923 A.2d [1119] at 1122 n.5 [(2007)]. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the

sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

***Pasture***, 107 A.3d at 27–29 (footnotes omitted).

The sentencing court possessed a multitude of information relevant to Appellant and considered all of the factors bearing on Appellant's sentence. The sentencing court explained:

> Here, this [c]ourt considered the Appellant's presentence investigation report, nature of the offense, Appellant's allocution, Appellant's rehabilitative needs and the sentencing guidelines before sentencing the Appellant. See Gagnon II Hearing, Notes of Testimony ("N.T."), June 4, 2018. Considering Appellant's prior record score (R-fel) and the sentencing guidelines, a standard range sentence for possession of methamphetamine is 12 to 18 months of incarceration. At Count 1, Possession of a Controlled Substance, Methamphetamine, the Appellant was sentenced to 11 and a half to 23 months of incarceration. This sentence was within the guidelines.
>
> Although the Appellant admitted his violation of the probation, Appellant failed to provide any specific reasons to why he did not follow the terms of his probation. *See* N.T. This [c]ourt took into account the personal problems Appellant was having, but made clear that that the main issue in the hearing was addressing the Appellant's probation and parole violation. N.T. at 9-10. Appellant's counsel averred the violation was technical in that no new crime has been committed. However, this [c]ourt considered the Appellant's rehabilitative needs as Appellant failed to report and failed to comply with chemical testing. N.T. at 2. This [c]ourt also considered the probation officer's testimony regarding Appellant harassing his father, ex-girlfriend, his girlfriend's current boyfriend, and most of all, Appellant going back to the same place where his drug problems began. N.T. at 11. When the issue of Appellant's prior employment history was addressed, Appellant started listing his prior places of employment. However, when this [c]ourt asked the Appellant why such information was not reflected in the sentencing investigation conducted May 23, 2017, Appellant failed to provide any justifications. N.T. at 15-16.

Sentencing Court Opinion, 8/7/18, at unnumbered 2–3.

Upon review, we conclude Appellant's claim is meritless. Here, equipped with a PSI, the sentencing court considered all of the factors Appellant identifies as relevant to consideration of his personal circumstances and characteristics. Moreover, we have independently reviewed the record in order to determine if appellate counsel's assessment about the frivolous nature of the present appeal is correct. *See Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (after determining counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must conduct an independent review of the record to determine if there are additional, non-frivolous issues overlooked by counsel). We conclude that an appeal in this matter is frivolous. Accordingly, we grant appellate counsel permission to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2019

- 11 -